IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP PRESCOTT UHL,    :
            :
    Petitioner    :  CIVIL NO. 4:CV-08-1294
            :
    v.        :  (Judge Jones)
            :
DOCTOR CONTRI, ET AL.,   :
            :
    Respondents   :

## MEMORANDUM

### August __27__ , 2008

**Background:**

  Phillip Prescott Uhl  ("Petitioner" or "Uhl"), an inmate confined at the

United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"),

initiated this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241.  The Petition is accompanied by an *in forma pauperis* application.  Named

as Respondents are two (2) USP-Lewisburg officials: Psychologist Doctor Contri

and "Warden Unknown."  (Doc. 1 at p. 1).[1]  For the reasons set forth below, the

Petition will be denied without prejudice to any right Uhl may have to reassert his

present claims in a properly filed civil rights complaint.

---

[1] The only proper Respondent in a § 2241 proceeding is Petitioner's custodian, in this case the Warden at USP-Lewisburg.  Consequently, the USP-Lewisburg Warden will be deemed the sole Respondent for present purposes.

Uhl states that he was involuntarily transferred to USP-Lewisburg from the Federal Medical Center, Devens, Massachusetts ("FMC-Devens"), what he describes as a federal facility for mentally handicapped inmates, approximately "four (4) months ago and [was] immediately placed in segregation without reason or charges." (*Id.* at ¶ 9(a).) Petitioner acknowledges that he is presently taking a combination of various anti-psychotic medications because he is hearing voices and having flashbacks. Uhl further asserts that he recently attempted suicide and poses an "immediate and a future threat to myself and possibly others."[2] (*Id.* at ¶ 9(c).)

In his section of his form Petition labeled "this petition concerns:", Uhl checked "jail or prison conditions." (*Id.* at 2.) Uhl's initially contends that being placed in segregation without any type of hearing for an indeterminable amount of time constitutes a violation of his due process rights. (*Id.* at ¶ 9(a).) Uhl also asserts that he is being denied needed psychological treatment and rehabilitation by Doctor Contri. (*Id.* at ¶ 9(a).) He asserts that as a result of this lack of rehabilitation he is "being denied equal rights" that are provided to "others similarly situated." (*Id.* at ¶ 9(a).) Uhl also alleges that as a result of being placed

---

[2] Uhl's allegation that he is a threat to himself and others seems to belie his assertion that he was placed in segregation for "without reason."

in solitary confinement he is unable to obtain adequate mental health treatment and may become a target for harassment by other inmates. (*Id.* at ¶ 9(b).) Petitioner also indicates that he should not have been transferred from FMC-Devens since he is suffering from mental illness and has suffered "stigmatizing consequences" including "behavior modifications" as a result of the transfer. (*Id.* at ¶ 9(c)). Uhl alleges that his transfer was in violation of due process. (*Id.*)

**Discussion:**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)).

3

**Segregation/Medical Treatment**

Petitioner is partially alleging that his immediate placement in segregation upon arriving at USP-Lewisburg after having been in general population at FMC-Devens was improper.   He also contends that the conditions of his ongoing placement in solitary confinement and the mental health treatment which he is receiving at USP-Lewisburg are constitutionally insufficient.

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993).   Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).   Where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable and a civil complaint was the appropriate form of remedy." *Suggs v. Bureau of Prisons*, 2008 WL 2966740 *4 (D. N.J. July 31, 2008).

In this case, the allegations relating to Petitioner's placement in solitary confinement, the conditions of that confinement, and his mental health treatment do not challenge either the legality of Uhl's federal criminal conviction or his resulting sentence.   There is also no indication that those alleged improper actions

4

of federal correctional officials included a loss of good time credits, adversely

affected the duration of Petitioner's incarceration or the execution of his sentence.

Rather, those claims regard the conditions of Uhl's confinement at USP-

Lewisburg and therefore are not properly asserted in a § 2241 petition.  *See*

*Wapnick v. True*, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)

(McClure, J.) (alleged improper placement in administrative confinement is not a

basis for relief under § 2241).  Accordingly, "habeas corpus is *not* an appropriate

or available federal remedy."  *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir.

1993).

**Transfer**

Petitioner is also contending that his transfer from a federal correctional

facility for mentally handicapped prisoners , FMC-Devens, was improper.

Federal habeas corpus review under § 2241 "allows a federal prisoner to

challenge the 'execution' of his sentence."  *Woodall v. Federal Bureau of*

*Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).  While the precise meaning of

execution of sentence is hazy, challenges to routine transfers may not be raised

under § 2241.  *See id.*; *Ganim v. Federal Bureau of Prisons*, 235 Fed. Appx. 882,

883 (3d Cir. 2007).  Section 2241 "cannot be used to challenge a transfer between

prisons unless the custody in which the transferred prisoner will find himself

when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about a quantum change in the level of custody." *Ganim*, 235 Fed. Appx. at 884 (citation omitted).

Unlike *Woodall*, where the petitioner challenged regulations limiting his transfer from a federal correctional institution to a much less restrictive community correction center, Uhl does not challenge the restrictiveness of his confinement (other than to argue his placement in SHU was without due process). Rather, Uhl is challenging his transfer from an administrative facility housing offenders requiring specialized or long-term medical or mental health care to a correctional facility which he alleges does not offer the same level of specialized medical care. At the core of Uhl's petition is his disagreement with BOP's assessment of his medical needs. A transfer based on such an assessment does not represent the "quantum change in the level of custody" cognizable as a § 2241 petition. *See, e.g., Daniel v. Craig*, 2008 WL 644883 *1-3 (S.D.W. Va. Mar. 7, 2008) (holding a challenge to the level and type of medical care being provided to federal prisoner is not properly asserted in a habeas corpus application).[3]

---

[3]    The Court notes that some courts have held that a § 2241 action which is not accompanied by a request for monetary damages may be employed by a prisoner who seeks transfer to a different prison for purposes of medical treatment. *See McCarty v. Shartle*, 2008 WL 2783495 *3 (N.D. Ohio July 15, 2008), *Sullivan v. United States*, 2002 WL 32096584 (E.D.N.Y. Dec. 6, 2002). However, those decisions are not binding on this Court, and largely inapplicable in this case where the petitioner explicitly asserts constitutional claims regarding the conditions of his confinement extend beyond medical treatment.

Consequently, the Petition will be dismissed without prejudice to any right Uhl may have to reassert his present claims in a properly filed civil rights complaint.[4] *See David v. United States*, Civ. A. No. 3:CV-99-0836, slip op. at 5 (M.D. Pa. June 17, 1999) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition); *Wool v. York County Prison*, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. Jan. 30, 1998) (McClure, J.) and *Hewlett v. Holland*, Civ. A. No. 3:CV-96-1075, slip op. at 9 ( M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").[5]   An appropriate Order will enter.

---

[4] In this regard, this Court expresses no opinion as to the merits of any civil rights claims Uhl may file based upon the facts asserted herein.

[5] Attached to this memorandum and order are copies of this Court's forms for the filing of civil rights complaints by prisoners, which Uhl may employ if he chooses to file a civil rights complaint.

**FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331**

<u>**COVER SHEET**</u>

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A
COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND
COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed in forma pauperis.
However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the
greater of:

      1)      the average monthly deposits to your prison account for the past six months; or

      2)      the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding
month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE
OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE
SERVED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    1. You shall file a complaint by completing and signing the attached complaint form and
mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments
are needed to complete the allegations in the complaint, no more than three (3) pages of attachments
will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to
complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with
the complaint form.** \_\_\_\_

    2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C.
§ 1915 without paying the full filing fee at this time by completing the following: (1) Complaint
Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must
properly complete, sign and submit all three standard forms or your complaint may be returned to
you by the Clerk of Court.</u> **Check here if you are filing your complaint under 28 U.S.C. § 1915
without full prepayment of fees.** \_\_\_\_

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against
a correctional facility or an official or agent of a correctional facility, the damage award will first be
used to satisfy any outstanding restitution orders pending. Before payment of any compensatory
damages, reasonable attempts will be made to notify the victims of the crime for which you were
convicted concerning payment of such damages. The restitution orders must be fully paid before any
part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1)_____  :
   (Name of Plaintiff)    (Inmate Number)  :
                                            :
_____  :
   (Address)  :
                                            :
(2)_____  :
   (Name of Plaintiff)    (Inmate Number)  :        _____
                                            :             (Case Number)
_____  :
   (Address)  :
                                            :
(Each named party must be numbered,  :
  and all names must be printed or typed)  :
                           **vs.**               :            **CIVIL  COMPLAINT**
                                            :
(1)_____  :
                                            :
(2)_____  :
                                            :
(3)_____  :
   (Names of Defendants)  :
                                            :
(Each named party must be numbered,  :
  and all names must be printed or typed)  :

TO BE FILED UNDER: \_\_\_\_\_  42 U.S.C. § 1983 - STATE OFFICIALS
                            \_\_\_\_\_  28 U.S.C. § 1331 - FEDERAL OFFICIALS

## I.   PREVIOUS  LAWSUITS

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

_____

1

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?   ____Yes   ____No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?   ____Yes   ____No

C.   If your answer to "B" is <u>Yes</u>:

1.   What steps did you take? _____

_____

2.   What was the result? _____

_____

D.   If your answer to "B" is <u>No</u>, explain why not: _____

_____

## III.   DEFENDANTS

(1) Name of first defendant: _____

Employed as _____ at _____

Mailing address: _____

(2) Name of second defendant: _____

Employed as _____ at _____

Mailing address: _____

(3) Name of third defendant: _____

Employed as _____ at _____

Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.   _____

_____

_____

2. _____

_____

_____

_____

3. _____

_____

_____

_____

## V.   RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____

_____

_____

_____

2. _____

_____

_____

_____

3. _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.


Signed this _____ day of _____, 19_____.


_____
(Signature of Plaintiff)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____    :
_____    :     Civil Case No. _____
_____    :
_____    :
           Name of Plaintiff(s)    :     Judge _____
                                   :
                 v.                :
                                   :     (Number and Judge to be
_____    :      assigned by court)
_____    :
_____    :
_____    :
           Name of Defendant(s)

## APPLICATION TO PROCEED IN FORMA PAUPERIS

PLEASE READ CAREFULLY AND FULLY COMPLETE EACH SECTION.

1.    _____    I am willing to pursue my claims in this action under the new provisions of The Prison Litigation Reform Act, understanding that pursuing my claim requires payment of a partial filing fee and deduction of sums from my prison account when funds exist until the filing fee of $350.00 has been paid in full.

2.    _____    I have enclosed an executed Authorization form which authorizes the Institution holding me in custody to transmit to the Clerk a certified copy of my trust account for the past six (6) months as well as payments from the account in the amounts specified by 28 U.S.C. §1915(b).

3.    Have you, prior to the filing of the complaint in this action and while a prisoner as that term is defined in 28 U.S.C. § 1915(h), brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted?   Yes _____    No _____

(a)   If the answer is "yes," are you now seeking relief because you are under imminent danger of serious physical injury?
Yes _____   No _____

(b)   Please explain in detail why you are under imminent danger of serious physical injury:

_____

___  _____

_____

_____

4. (a)   Are you presently employed at the Institution?   Yes _____   No _____

   (b)   If yes, what is your monthly compensation?   $_____

5. Do you own any cash or other property; have a bank account; or receive money from any source?   Yes _____   No _____

   If the answer is "yes" to any of the above, describe each source and the amount involved.

_____

_____

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____   _____
                    (Date)                        (Signature of Plaintiff)

This certification is executed pursuant to Title 28, United States Code, Section 1746.

2

# AUTHORIZATION
### (Prisoner's Account Only)

Case No. _____

> NOTE: Completing this authorization form satisfies your obligation under 28 U.S.C.
> § 1915(a)(2) to submit a certified copy of your trust fund account.

I, _____, request and authorize the agency holding me in custody

to send to the Clerk of Court, United States District Court for the Middle District of Pennsylvania, a

certified copy of the statement for the past six months of my trust fund account (or institutional equivalent)

at the institution where I am incarcerated. I further request and authorize the agency holding me in custody

to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified

by 28 U.S.C § 1915(b).

This authorization is furnished in connection with the filing of a civil action, and I understand that

the filing fee for the complaint is $350.00. I also understand that the entire filing fee will be deducted from

my account regardless of the outcome of my civil action. This authorization shall apply to any other agency

into whose custody I may be transferred.

Date: _____, 20____

_____
Signature of Prisoner